**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**4/19**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | All Care Management Services, Inc. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | Management Services, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 73-1696484 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **8700 W Flagler St, Suite 280 Miami, FL 33174** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Miami-Dade** | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://www.hygeaholdings.com** |

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **All Care Management Services, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.   Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6211__

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10.   Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes.

| Debtor | Please see Rider 1 | | Relationship | Affiliate |
|---|---|---|---|---|
| District | Delaware | When | Case number, if known | |

---

Official Form 201                     **Voluntary Petition for Non-Individuals Filing for Bankruptcy**                     page 2
60437/0001-18989124v1

| Debtor | **All Care Management Services, Inc.** | Case number (*if known*) | |
|--------|----------------------------------------|--------------------------|---|
| | Name | | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☒ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

---

Debtor    **All Care Management Services, Inc.**                                    Case number (if known) _____
          Name

▮ **Request for Relief, Declaration, and Signatures**

WARNING — Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   02/19/2020
              MM / DD / YYYY

X _~Keith Collins~_                                    Keith Collins, M.D.
  Signature of authorized representative of debtor     Printed name

Title   **Authorized Signatory**

---

**18. Signature of attorney**    X */s/ J. Kate Stickles*                    Date   02/19/2020
                                    Signature of attorney for debtor                MM / DD / YYYY

                                 **J. Kate Stickles**
                                 Printed name

                                 **Cole Schotz P.C.**
                                 Firm name

                                 **500 Delaware Avenue, Suite 1410**
                                 **Wilmington, DE 19801**
                                 Number, Street, City, State & ZIP Code

                                 Contact phone   **302-652-3131**        Email address   **kstickles@coleschotz.com**

                                 **(No. 2917) DE**
                                 Bar number and State

                                 X */s/ Felice R. Yudkin*                 Date   02/19/2020
                                    Signature of attorney for debtor               MM / DD / YYYY

                                 **Felice R. Yudkin**
                                 Printed name

                                 **Cole Schotz P.C.**
                                 Firm name

                                 **25 Main Street**
                                 **Hackensack, NJ 07601**
                                 Number, Street, City, State & ZIP Code

                                 Contact phone   **201-489-3000**        Email address   **fyudkin@coleschotz.com**

                                 **(No. 014962005) NJ**
                                 Bar number and State

# RIDER 1

Pending Bankruptcy Cases Filed by Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532. A motion will be filed with the Court requesting that the chapter 11 cases of the entities listed below be consolidated for procedural purposes only and jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

ALL CARE MANAGEMENT SERVICES, INC.
FIRST HARBOUR HEALTH MANAGEMENT, LLC
FIRST HARBOUR MEDICAL CENTERS, LLC
FLORIDA GROUP HEALTHCARE LLC
GEMINI HEALTHCARE FUND, LLC
HYGEA ACQUISITION LONGWOOD, LLC
HYGEA ACQUISITION ORLANDO, LLC
HYGEA HEALTH HOLDINGS, INC.
HYGEA HOLDINGS CORP.
HYGEA IGP OF CENTRAL FLORIDA, INC.
HYGEA IGP, LLC
HYGEA MEDICAL CENTERS OF FLORIDA, LLC
HYGEA MEDICAL PARTNERS, LLC
HYGEA OF DELAWARE, LLC
HYGEA OF GEORGIA, LLC
HYGEA OF PEMBROKE PINES, LLC
HYGEA PRIMUM ACQUISITION, INC.
MEDLIFE ACTIVITY CENTER, LLC
MOBILE CLINIC SERVICES, LLC
PALM A.C. MSO, LLC
PALM ALLCARE MEDICAID MSO, INC.
PALM ALLCARE MSO, INC.
PALM MEDICAL GROUP, INC.
PALM MEDICAL MSO LLC
PALM MEDICAL NETWORK, LLC
PALM MSO SYSTEM, INC.
PALM PGA MSO, INC.
PHYSICIAN MANAGEMENT ASSOCIATES EAST COAST, LLC
PHYSICIAN MANAGEMENT ASSOCIATES SE, LLC
PHYSICIANS GROUP ALLIANCE, LLC
PRIMUM ALTERNATIVES, INC.
PRIMUM HEALTHCARE, LLC
PROFESSIONAL HEALTH CHOICE, INC.

**SECRETARY'S CERTIFICATE FOR RESOLUTIONS OF**
**HYGEA HOLDINGS CORP.**
**ALL CARE MANAGEMENT SERVICES, INC.**
**HYGEA HEALTH HOLDINGS, INC.**
**HYGEA IGP OF CENTRAL FLORIDA, INC.**
**HYGEA PRIMUM ACQUISITION, INC.**
**PALM ALLCARE MEDICAID MSO, INC.**
**PALM ALLCARE MSO, INC.**
**PALM MEDICAL GROUP, INC.**
**PALM MSO SYSTEM, INC.**
**PALM PGA MSO, INC.**
**PRIMUM ALTERNATIVES, INC.**
**PROFESSIONAL HEALTH CHOICE, INC.**

The undersigned, being the Secretary of Hygea Holdings Corp., a Nevada corporation ("HHC"), and the following direct or indirect subsidiaries of HHC (collectively, the "Corporate Subsidiaries"): All Care Management Services, Inc., a Florida corporation; Hygea Health Holdings, Inc., a Florida corporation; Hygea IGP of Central Florida, Inc., a Florida corporation; Hygea Primum Acquisition, Inc., a Florida corporation; Palm Allcare Medicaid MSO, Inc., a Florida corporation; Palm Allcare MSO, Inc., a Florida corporation; Palm Medical Group, Inc., a Florida corporation; Palm MSO System, Inc., a Florida corporation; Palm PGA MSO, Inc., a Florida corporation;  Primum Alternatives, Inc., a Florida corporation; and Professional Health Choice, Inc., a Florida corporation, does hereby certify as follows:

A special meeting of the Board of Directors (the "Board") of HHC and the Boards of Directors of each of the Corporate Subsidiaries was held on February 12, 2020 at 5:30 p.m. (ET) (the "Meeting"). Present at the Meeting were the following members of the Board: Daniel T. McGowan, Edward Moffly, Jack Mann, M.D., Glenn Marrichi, and Keith Collins, M.D., representing a quorum of the Board, and Keith Collins, M.D., in his capacity as sole director of each of the Corporate Subsidiaries.

Attached hereto as Exhibit A is a true, correct and complete copy of the resolutions duly adopted at the Meeting (the "Resolutions").  The Resolutions have not been modified or rescinded in whole, in part or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of HHC and each of the Corporate Subsidiaries, has duly executed and caused this certificate to be delivered as of February 12, 2020.

> **HYGEA HOLDINGS CORP.**
> **ALL CARE MANAGEMENT SERVICES, INC.**
> **HYGEA HEALTH HOLDINGS, INC.**
> **HYGEA IGP OF CENTRAL FLORIDA, INC.**
> **HYGEA PRIMUM ACQUISITION, INC.**
> **PALM ALLCARE MEDICAID MSO, INC.**
> **PALM ALLCARE MSO, INC.**
> **PALM MEDICAL GROUP, INC.**
> **PALM MSO SYSTEM, INC.**

**PALM PGA MSO, INC.**
**PRIMUM ALTERNATIVES, INC.**
**PROFESSIONAL HEALTH CHOICE, INC.**

By: _____

Name: Keith Collins, M.D.

Title:   Secretary

2

<u>**EXHIBIT A**</u>

**RESOLUTIONS OF THE BOARDS OF DIRECTORS (COLLECTIVELY, THE "<u>BOARDS</u>") OF HYGEA HOLDING CORP. ("<u>HHC</u>"); AND**

**ALL CARE MANAGEMENT SERVICES, INC.
HYGEA HEALTH HOLDINGS, INC.
HYGEA IGP OF CENTRAL FLORIDA, INC.
HYGEA PRIMUM ACQUISITION, INC.
PALM ALLCARE MEDICAID MSO, INC.
PALM ALLCARE MSO, INC.
PALM MEDICAL GROUP, INC.
PALM MSO SYSTEM, INC.
PALM PGA MSO, INC.
PRIMUM ALTERNATIVES, INC.
PROFESSIONAL HEALTH CHOICE, INC.
(THE "<u>CORPORATE SUBSIDIARIES</u>" AND TOGETHER WITH HHC AND THE LLC SUBSIDIARIES (AS DEFINED BELOW), EACH A "<u>COMPANY</u>" AND COLLECTIVELY, THE "<u>COMPANIES</u>")**

**February 12, 2020**

**1.  Chapter 11 Filings**

The Boards, with the assistance of the management and legal and financial advisors of the Companies, have previously evaluated and investigated potential strategies for the restructuring and refinancing of the Companies, which included the potential filing of petitions by the Companies seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

The Boards having considered, among other things, the liabilities and liquidity situation of the Companies, the strategic alternatives available to the Companies and the effect of the foregoing on the Companies' businesses, have determined, after consultation with management and the legal and financial advisors of the Companies, that it is desirable and in the best interests of the Companies, their creditors and other parties in interest, that HHC, the Corporate Subsidiaries and the following directly and indirectly owned subsidiaries of HHC, each of which is managed by HHC (collectively, the "<u>LLC Subsidiaries</u>," and together with the Corporate Subsidiaries, the "<u>Subsidiaries</u>"): (i) First Harbour Health Management, LLC, a Florida limited liability company; (ii) First Harbour Medical Centers, LLC, a Florida limited liability company; (iii) Florida Group Healthcare LLC, a Florida limited liability company; (iv) Gemini Healthcare Fund, LLC, a Florida limited liability company (v) Hygea Acquisition Longwood, LLC, a Florida limited liability company; (vi) Hygea Acquisition Orlando, LLC, a Florida limited liability company; (vii) Hygea IGP, LLC, a Florida limited liability company; (viii) Hygea Medical Centers of Florida, LLC, a Florida limited liability company; (ix) Hygea Medical Partners, LLC, a Florida limited liability company; (x) Hygea of Delaware, LLC a Delaware limited liability company; (xi) Hygea of Georgia, LLC, a Georgia limited liability company;

(xii) Hygea of Pembroke Pines, LLC, a Florida limited liability company; (xiii) Medlife Activity Center, LLC, a Florida limited liability company; (xiv) Mobile Clinic Services, LLC, a Florida limited liability company; (xv) Palm A.C. MSO, LLC, a Florida limited liability company; (xvi) Palm Medical MSO LLC, a Florida limited liability company; (xvii) Palm Medical Network, LLC, a Florida limited liability company; (xviii) Physician Management Associates East Coast, LLC, a Florida limited liability company; (xix) Physician Management Associates SE, LLC, a Florida limited liability company; (xx) Physicians Group Alliance, LLC, a Florida limited liability company; (xxi) Physicians Group Alliance of South Florida, LLC, a Florida limited liability company; and (xxii) Primum Healthcare, LLC, a Florida limited liability company, file voluntary petitions for relief (the "Petitions") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the purpose of initiating bankruptcy cases (the "Bankruptcy Cases").  Accordingly, after discussion of the foregoing, it was:

RESOLVED, that Keith Collins, M.D., the Chief Executive Officer of HHC, or any other officer, manager, member and board of directors member, as applicable, of each Company (each an "Authorized Signatory" and collectively, the "Authorized Signatories") is empowered, authorized and directed, on behalf of each Company, to execute and verify the Petitions as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause the Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any further acts and deeds that such Authorized Signatories deem necessary, appropriate or desirable in connection with the Bankruptcy Cases, including, without limitation, directing the Subsidiaries to execute and verify any such documents, schedules, motions, lists, applications, pleadings, orders and other documents on behalf of other Subsidiaries in which the former has the authority to act, and paying fees, expenses and taxes.

RESOLVED FURTHER, that the Authorized Signatories of each Company are empowered, authorized and directed to cause each Company to continue to conduct business operations in the ordinary course during the pendency of the Bankruptcy Cases, subject to the restrictions of the Bankruptcy Court and the obligations of HHC and the Subsidiaries, as applicable, set forth in the RSA (as defined below).

## 2. Restructuring Support Agreement

The Boards next reviewed and discussed entering into a Restructuring Support Agreement. After such discussion it was:

RESOLVED, that in connection with the Bankruptcy Cases, the Boards have determined it desirable and in the best interests of each Company, its creditors, and other parties in interest that HHC and certain of the Subsidiaries, as applicable, enter into that certain Restructuring Support Agreement (the "RSA"), by and among each of HHC and certain of the Subsidiaries on one hand (collectively, the "Company RSA Parties"), and Bridging Income Fund LP ("Lender") and Bridging Finance, Inc. ("Administrative Agent") on the other hand, substantially in the form presented to the Boards in advance or on of the date hereof, and that each of the Company RSA Parties shall be, and hereby are, authorized to enter into with RSA with such changes, additions and modifications thereto as the Authorized Signatory executing the same shall approve, such

60437/0001-18973018v12

approval to be conclusively evidenced by such the Authorized Signatory's execution and delivery thereof.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company RSA Party are empowered, authorized and directed, with full power of delegation, on behalf of the Company RSA Parties, to cause the Company RSA Parties to negotiate, execute and deliver the RSA and any related documents contemplated thereby, in such form and with such on changes or amendments as any such Authorized Signatory shall approve as necessary or desirable.

### 3. Debtor-in-Possession Financing and Cash Collateral Use

The Boards next reviewed and discussed debtor-in-possession financing and related matters. After such discussion, it was:

**RESOLVED**, that in connection with the Bankruptcy Cases, the Boards have determined it desirable and in the best interests of each Company, its creditors, and other parties in interest that HHC and certain Subsidiaries, as applicable, enter into that certain Debtor-in-Possession Financing Term Sheet (the "DIP Term Sheet"), by and among each of HHC and certain of the Subsidiaries, on one hand (collectively, the "Company DIP Parties"), and the Lender and the Administrative Agent, on the other hand, substantially in the form presented to the Boards in advance or on of the date hereof; and the Authorized Signatories of each Company DIP Party are, and each of them is, authorized and empowered to obtain post petition financing according to the terms of the DIP Term Sheet, including debtor-in-possession credit facilities and the use of cash collateral (the "DIP Financing"); and to enter into any guarantees, to provide adequate protection to the DIP Lender and incur obligations related thereto, and to pledge and grant liens on the assets of the Companies, as may be contemplated by or required under the terms of such DIP Financing; and in connection therewith, the Authorized Signatories of each Company DIP Party are hereby authorized and directed to execute any appropriate loan agreements, cash collateral agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions, bills, notes, or certificates on behalf of the Companies which shall be necessary, proper or advisable in order to perform the obligations of the Company DIP Parties under or in connection with any of the foregoing.

### 4. Sale and Restructuring Transactions

The Boards next reviewed and discussed sale and restructuring transactions. After such discussion, it was:

**RESOLVED**, that the Boards have determined, in light of current circumstances and after consultation with management and the legal and financial advisors of the Companies, and in connection with the filing of the Bankruptcy Cases, that it is in the best interests of each Company, its creditors and other parties in interest to authorize the Companies to negotiate and enter into one or more sale or other restructuring transactions (collectively, the "Transactions").

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company,

3

to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Transactions to which each such Company is or will be a party, including, but not limited to, any asset purchase agreement, chapter 11 plan, disclosure statement and ancillary documents related thereto (collectively, the "Transaction Documents").

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company, to take any and all actions to (i) obtain Bankruptcy Court approval of the Transaction Documents in connection with the Transactions and (ii) obtain Bankruptcy Court approval of any Transactions.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, with full power of delegation, on behalf of each Company to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in his or her judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

### 5.   Retention of Advisors

The Boards next discussed the retention of professional advisors. After such discussion, it was:

**RESOLVED**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, the law firm of Cole Schotz P.C. ("Cole Schotz") to render general legal advice and in the event that the Petitions are filed, to represent the Companies in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Signatories may approve and/or have previously approved.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, Alvarez & Marsal North America, LLC ("A&M") to serve as financial advisor to the Companies and in the event that the Petitions are filed, to continue to provide such services to the Companies in connection with such proceedings and all other related matters in connection therewith, in such capacity and on such terms as the Authorized Signatories may approve and/or have previously approved.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed to continue to retain, on behalf of each Company, Epiq Corporate Restructuring, LLC ("Epiq") to serve as claims and noticing agent and administrative agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the rights and obligations of the Companies in

4

the Bankruptcy Cases, including with respect to noticing, claims management and reconciliation, plan solicitation, balloting, disbursements and assisting with the preparation of the schedules of assets and liabilities and statements of financial affairs of the Companies.

**RESOLVED FURTHER**, that the Authorized Signatories of each Company are empowered, authorized and directed, on behalf of each Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in the Bankruptcy Cases to retain and employ other attorneys, accountants and other professionals to assist in the Bankruptcy Cases on such terms as are deemed necessary, proper or desirable.

**RESOLVED FURTHER**, that the Authorized Signatories are empowered, authorized and directed to execute any appropriate engagement letters and agreements and such other documents necessary to retain Cole Schotz, A&M, Epiq and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel and other professionals not specifically identified herein (the "Professionals"), and to cause the Companies to pay appropriate retainers to such Professionals prior to the filing of the Bankruptcy Cases or after to the extent appropriate and permitted in the Bankruptcy Cases, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals.

### 6. General Authorization

After discussion, it was:

**RESOLVED**, that the Authorized Signatories of each Company are empowered, authorized and directed, on behalf of each Company, to take, from time to time, any and all such actions and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers and documents necessary or desirable in connection with the foregoing resolutions, and to take any and all action deemed necessary, proper or desirable in connection with the foregoing resolutions and to carry out and perform the purposes of the foregoing resolutions.

**RESOLVED FURTHER**, that the omission from the foregoing resolutions of any agreement, document or other arrangement contemplated by any of the agreements, documents or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories to take all actions necessary, desirable, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED FURTHER**, that any and all actions lawfully done for and on behalf of the Companies by any Authorized Signatory or Professional engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, before or after their adoption, are

60437/0001-18973018v12

ratified, authorized, approved, adopted in good faith, and consented to in all respects for all purposes.

**RESOLVED FURTHER**, that the foregoing resolutions were adopted at Special Meetings of the Boards, and the directors present hereby waive all requirements as to notice of a Special Meeting.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
                                             :
In re:                                       :  Chapter 11
                                             :
ALL CARE MANAGEMENT                          :  Case No. 20-_____ (___)
SERVICES, INC.                               :
                                             :  (Joint Administration Pending)
               Debtor.                       :
-------------------------------------------------------- x
```

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the undersigned authorized officer of All Care Management Services, Inc. certifies that the following corporate entity owns 10% or more of All Care Management Services, Inc.'s equity interests:

| Equity Holder | Percentage of Total Equity |
|---|---|
| Hygea of Delaware, LLC | 100% |

| Fill in this information to Identify the case: |
| --- |
| Debtor Name:   Hygea Holdings Corp. |
| United States Bankruptcy Court for the:      District of Delaware |
| Case Number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders
12/15

A consolidated list of creditors holding the 40 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 40 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BRIDGING FINANCE INC. 77 KING STREET WEST, SUITE 2925 P.O. BOX 322 TORONTO, ONTARIO  M5K 1K7 CANADA | CONTACT: NATASHA SHARPE PHONE: 416.309.8718 / 416.362.6283 FAX: 888.920.9599 NSHARPE@BRIDGINGFINANCE.CA | AMENDED AND RESTATED CREDIT AGREEMENT DATED JANUARY 31, 2017 | | UNKNOWN | | UNKNOWN |
| 2 | N5HYG, LLC; NEVADA 5, INC. 950 W. UNIVERSITY DR. ROCHESTER, MI  48307 | CONTACT: CHRIS FOWLER C/O MILLER LAW FIRM PHONE: 248.841.2200 / 313.483.0880 FAX: 248.536.0869 CDK@MILLERLAWPC.COM | LITIGATION | CUD | | | $15,000,000.00 |
| 3 | AMERICAN EXPRESS COMPANY 1801 NW 66TH AV STE 103 PLANTATION, FL  33313 | CONTACT: MICHELLE VISIEDO PHONE: 212.640.2000 FAX: 212.640.0404 MICHELLE.T.VISIEDO@AEXP.COM | TRADE | | | | $12,682,500.00 |
| 4 | INTERNAL REVENUE SERVICE INTERNAL REVENUE SERVICE OGDEN, UT  84201 | PHONE: 800.829.0115 FAX: 855.235.6787 | PAYROLL TAX | | | | $10,426,750.00 |
| 5 | MED PLAN LLC 6840 SW 40TH STREET SUITE 202A MIAMI, FL  33155 | CONTACT: RODOLFO RODRIGUEZ-DURET PHONE: 305.262.1610 FAX: 305.262.1611 RUDY@RODRIGUEZ-DURET.COM | PUT OPTION | CUD | | | $10,000,000.00 |

**Debtor:** Hygea Holdings Corp.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  BOND CAPITAL 1160-1100 MELVILLE STREET VANCOUVER, BC  V6E 4A6 CANADA | CONTACT: DAVIS VAITKUNAS PHONE: 604.687.2663 FAX: 888.920.9599 | PUT OPTION | CUD | | | $7,900,000.00 |
| 7  GOVIN RAJAN 4908 64TH DRIVE WEST BRADENTON, FL  34210 | PHONE: 941.720.3336 GRAJAN240@GMAIL.COM | PROMISSORY NOTE | | | | $6,000,000.00 |
| 8  JANE COHEN, MD 1801 NE 123RD STREET SUITE 405 NORTH MIAMI BEACH, FL  33181 | PHONE: 305.674.5925 FAX: 305.674.5927 DRJCOHEN@PGSFL.NET | PUT OPTION | CUD | | | $4,800,000.00 |
| 9  WELLCARE HEALTH PLANS, INC. ATTN: MARIA SANCHEZ 8735 HENDERSON ROAD BLDG 1 TAMPA, FL  33634 | CONTACT: MARIA SANCHEZ PHONE: 800.960.2530 / 855.538.0454 FAX: 866.201.0657 (APPEALS FAX) MARIA.SANCHEZ@WELLCARE.COM | MSO DEFICIT | | | | $4,691,621.00 |
| 10  WILLIAM STEELE HOLDINGS, LLC C/O HABER SLADE, PA 251 N.W. 23RD ST. MIAMI, FL  33127 | CONTACT: C/O HABER SLADE, PA PHONE: 305-379-2400 FAX: 305-379-1106 RSLADE@DHABERLAW.COM | LITIGATION | CUD | | | $3,720,643.00 |
| 11  COVENTRY HEALTH PLAN OF FLORIDA, INC. ATTN: KARLA SHINHOSTER 1340 CONCORD TERRACE SUNRISE, FL  33323 | CONTACT: KARLA SHINHOSTER PHONE: 855.423.5971 / 954.858.3000 FAX: 954.965.3508 / 954.858.3694 KARLA.SHINHOSTER@AETNA.COM | MSO DEFICIT | | | | $3,433,200.00 |
| 12  PRIMUM ALTERNATIVES, INC. ATTN: GABRIEL PEREZ / FRANK RAKUSA 7520 SW 57TH AVENUE SUITE J MIAMI, FL  33143 | CONTACT: GABRIEL PEREZ / FRANK RAKUSA PHONE: 305.397.8747 FAX: 305.397.8883 GPEREZ1569@AOL.COM | PUT OPTION | CUD | | | $3,200,000.00 |
| 13  CLAUDIO ARELLANO 13335 SW 124TH STREET SUITE 115 MIAMI, FL  33186 | CONTACT: CLAUDIO ARELLANO PHONE: 305.232.7200 / 305.878.3610 FAX: 305.232.7223 CFARELLANO@ALLCARENETWORK.COM | PUT OPTION | CUD | | | $3,000,000.00 |
| 14  NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC ATTN: ACCT SERVICES DEPT / GREG KING / BRIAN FAIRBURN / JASON FLAM 18111 VAN KARMAM STE 700 IRVINE, CA  92612 | CONTACT: ACCT SERVICES DEPT / GREG KING / BRIAN FAIRBURN / JASON FLAM PHONE: 949.255.2616 / 858.369.3919 FAX: 215.385.7706 / 949.255.2605 GKING@NEXTGEN.COM; BFAIRBURN@NEXTGEN.COM ; JASONF@NEXTGEN.COM | TRADE | | | | $2,766,073.00 |

Debtor: Hygea Holdings Corp.                                    Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15  PRIORITY HEALTHCARE DISTRIBUTION INC. 2297 SOUTHWEST BLVD SUITE D GROVE CITY, OH 43123 | CONTACT: STACY M HALLMARK PHONE: 800.942.5999 FAX: 877.296.4926 SHALLMARK@EXPRESS-SCRIPTS.COM | LITIGATION | CUD | | | $2,172,080.00 |
| 16  COVENTRY HEALTH PLAN OF FLORIDA, INC. ATTN: KARLA SHINHOSTER 1340 CONCORD TERRACE SUNRISE, FL 33323 | CONTACT: KARLA SHINHOSTER PHONE: 855.423.5971 / 954.858.3000 FAX: 954.965.3505 / 954.858.3694 KARLA.SHINHOSTER@AETNA.COM | MSO DEFICIT | | | | $2,137,527.00 |
| 17  JOSE PRIDA TRUST ATTN: DENIS KLEINFELD (APPLE TREE LANE LLC) 801 NE 167TH STREET SUITE 306 NORTH MIAMI BEACH, FL 33162 | CONTACT: DENIS KLEINFELD (APPLE TREE LANE LLC) PHONE: 305.928.1500 FAX: 786.664.9212 | UNSECURED LOAN | | | | $2,106,715.00 |
| 18  SHUTLANDER LLC ATTN: DENIS KLEINFELD (APPLE TREE LANE LLC) 801 NE 167TH STREET SUITE 306 NORTH MIAMI BEACH, FL 33162 | CONTACT: DENIS KLEINFELD (APPLE TREE LANE LLC) PHONE: 305.928.1500 FAX: 786.664.9212 | UNSECURED LOAN | | | | $2,106,715.00 |
| 19  SIMPLY HEATHCARE PLANS, INC. ATTN: TOMAS OROZCO 9250 W FLAGLER STREET SUITE 600 MIAMI, FL 33174 | CONTACT: TOMAS OROZCO PHONE: 944.405.4297 FAX: 800.964.3627 TOROZCO@SIMPLYHEALTHCAREPLANS.COM | MSO DEFICIT | | | | $2,076,676.00 |
| 20  GAYLIS, NORMAN B, MD 21097 NE 27TH COURT SUITE 200 AVENTURA, FL 33180 | CONTACT: NORMAN B GAYLIS PHONE: 305.652.6676 FAX: 305.652.6676 NGAYLISMD@GMAIL.COM | PUT OPTION | CUD | | | $2,000,000.00 |
| 21  FREEDOM HEALTH INC. ATTN: TOMAS OROZCO 5403 N CHURCH AVE TAMPA, FL 33614 | CONTACT: TOMAS OROZCO PHONE: 8813.506.6000 FAX: 813.490.5303 TOROZCO@SIMPLYHEALTHCAREPLANS.COM | MSO DEFICIT | | | | $1,930,353.00 |
| 22  CEA ATLANTIC ADVISORS LLC C/O JOHNSON POPE BOKOR RUPPEL & BURNS LLP 101 E. KENNEDY BLVD SUITE 3300 TAMPA, FL 33602 | CONTACT: C/O JOHNSON POPE BOKOR RUPPEL & BURNS LLP PHONE: 813.226.8844 FAX: 813.225.1513 GUYB@JPFIRM.COM | LITIGATION | CUD | | | $1,500,000.00 |
| 23  KATALYST FP LLC ATTN: STEPHEN PERRONE / SHARMILA RUDER-AMICO / NEIL BROWN 283 COMMACK ROAD SUITE 215 COMMACK, NY 11725 | CONTACT: STEPHEN PERRONE / SHARMILA RUDER-AMICO / NEIL BROWN PHONE: 516.543.0026 FAX: 513.543.0026 | PUT OPTION | CUD | | | $1,200,000.00 |

**Debtor:** Hygea Holdings Corp.    Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. ATTN: ROSIE STOETZER 4800 DEARWOOD CAMPUS PARKWAY JACKSONVILLE, FL 32246 | CONTACT: ROSIE STOETZER PHONE: 800.955.5692 FAX: 913.982.8401 / 904.357.6331 ROSIE.STOETZER@BCBSFL.COM | MSO DEFICIT | | | | $1,108,202.00 |
| 25 | PHYSICIANS UNITED PLAN, INC. ATTN: GROELLE & SALMON, P.A. 1715 N WESTSHORE BLVD SUITE 320 TAMPA, FL 33607 | CONTACT: GROELLE & SALMON, P.A. PHONE: 813.849.7200 FAX: 813.849.7201 GSTCOURTDOCS@GSPALAW.COM; RMAY@GSPALAW.COM | LITIGATION | CUD | | | $900,000.00 |
| 26 | HINES VAF II DORAL, L.P. ATTN: JOSHUA LEVENSON 499 PARK AVENUE 12TH FLOOR NEW YORK, NY 10022 | CONTACT: JOSHUA LEVENSON PHONE: 212.294.9022 FAX: 212.230.2276 JOSHUA.LEVENSON@HKLAW.COM | LEASE | | | | $877,107.00 |
| 27 | BRUCE ROMANELLO 7320 DELAINEY CT SARASOTA, FL 34240 | PHONE: 352.348.4188 FAX: 941.761.5124 BRUCE@FIRSTHARBOUR.COM | ACQUISITION COST | | | | $769,000.00 |
| 28 | CARDIOLOGY CONSULTANTS OF WEST BROWARD, P.A. ATTN: HILAIRE FERNANDES 7050 NW 4TH STE SUITE 101 FORT LAUDERDALE, FL 33317 | CONTACT: HILAIRE FERNANDES PHONE: 954.587.4112 FAX: 954.587.2401 HILAIRE.FERNANDEZ@HYGEA.NET | PUT OPTION | CUD | | | $725,000.00 |
| 29 | N5HYG, LLC ATTN: C/O ALBRIGHT STODDARD WARNICK & ALBRIGHT 801 S. RANCHO DR. SUITE D-4 LAS VEGAS, NV 81904 | CONTACT: C/O ALBRIGHT STODDARD WARNICK & ALBRIGHT PHONE: 702-384-7111 FAX: 702-384-0605 GMA@ALBRIGHTSTODDARD.COM | LITIGATION | CUD | | | $600,000.00 |
| 30 | GABRIELA & BELLA CASTILLO TRUST ATTN: DENIS KLEINFELD (APPLE TREE LANE LLC) 801 NE 167TH STREET SUITE 306 NORTH MIAMI BEACH, FL 33162 | CONTACT: DENIS KLEINFELD (APPLE TREE LANE LLC) PHONE: 305.928.1500 FAX: 786.664.9212 | UNSECURED LOAN | | | | $421,343.00 |
| 31 | 4FRONT CAPITAL PARTNERS, INC. ATTN: RAJ NATARAJAN / JOHN TRAVAGLINI 47 COLBORNE ST SUITE 301 TORONTO, ON M5V 1P8 CANADA | CONTACT: RAJ NATARAJAN / JOHN TRAVAGLINI PHONE: 416.861.1100 / 647.994.4072 RNATARAJAN@4FRONTCAPITALPARTNERS.COM; JOHN@4FRONTCAPITALPARTNERS.COM | TRADE | | | | $400,000.00 |
| 32 | NELSON MULLINS RILEY & SCARBOROUGH LLP ATTN: MIKE SEGAL, PARTNER 2 SOUTH BISCAYNE BLVD. 21ST FLOOR MIAMI, FL 33131 | CONTACT: MIKE SEGAL, PARTNER PHONE: 305.373.9430 FAX: 305.373.9443 MIKE.SEGAL@NELSONMULLINS.COM | TRADE | | | | $400,000.00 |

Debtor: Hygea Holdings Corp.

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 33  WEIRFOULDS LLP ATTN: MICHAEL DOLPHIN 66 WELLINGTON STREET WEST, SUITE 4100 P.O. BOX 35, TD BANK TOWER TORONTO, ON  M5K 1B7  CANADA | CONTACT: MICHAEL DOLPHIN PHONE: 416.947.5005 / 416.365.1110 FAX: 416.365.1876 MDOLPHIN@WEIRFOULDS.COM | TRADE | | | | $381,032.00 |
| 34  MICHAEL E HOROWITZ, MD 4302 ALTON ROAD SUITE 320 MIAMI BEACH, FL  33140 | PHONE: 305.931.9002 DOCMIK@BELLSOUTH.NET | PUT OPTION | CUD | | | $323,333.00 |
| 35  DR. VALERIE SOLOMON, DR. IRWIN SOLOMON ATTN: C/O LAVIN LAW GROUP PA 2670 NE 215TH ST. MIAMI, FL  33180 | CONTACT: C/O LAVIN LAW GROUP PA PHONE: 954-967-2788 FAX: 954-983-7021 ALAVIN@LAVINLAWYERS.COM | LITIGATION | CUD | | | $274,000.00 |
| 36  DAN K. MILLER 1360 TROWBRIDGE ROAD BLOOMFIELD HILLS, MI  48304 | CONTACT: DANIEL K MILLER PHONE: 305.710.2322 DKMILLER2@GMAIL.COM | EMPLOYEE SEVERANCE | | | | $256,904.00 |
| 37  WITHUM, SMITH & BROWN PC ATTN: RUSSELL GOLDBERG 200 S. ORANGE AVENUE SUITE 1200 ORLANDO, FL  32801 | CONTACT: RUSSELL GOLDBERG PHONE: 407.849.1569 FAX: 407.849.1119 RGOLDBERG@WITHUM.COM | TRADE | | | | $250,418.00 |
| 38  HUMANA, INC. ATTN: KAREN LAMBERT 4030 W BOY SCOUT BLVD TAMPA, FL  33607 | CONTACT: KAREN LAMBERT PHONE: 800.457.4708 FAX: 305.626.5179 KLAMBERT2@HUMANA.COM | MSO DEFICIT | | | | $249,315.00 |
| 39  HUMANA, INC. ATTN: KAREN LAMBERT 4030 W BOY SCOUT BLVD TAMPA, FL  33607 | CONTACT: KAREN LAMBERT PHONE: 800.477.6931 FAX: 305.626.5179 KLAMBERT2@HUMANA.COM | MSO DEFICIT | | | | $230,901.00 |
| 40  COBLE HEALTH GROUP, INC. ATTN: HAL COBLE 3875 ROLAND HAYES PKWY SW CALHOUN, GA  30701 | CONTACT: HAL COBLE PHONE: 866.514.5333 / 770.367.6840 FAX: 404.420.2796 HAL@ADAPTIVEALLERGY.COM | TRADE | | | | $200,000.00 |

**Fill in this information to identify the case:**

Debtor name   All Care Management Services, Inc.

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ *Amended Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 40 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a
declaration        Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   2/19/2020        x _Keith Collins_____
                                  Signature of individual signing on behalf of debtor

                                  **Keith Collins, M.D.**
                                  Printed name

                                  **Authorized Signatory**
                                  Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com
60437/0001-19734945v1                                                          Best Case Bankruptcy